UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :

UNITED STATES OF AMERICA,          :      CASE NO. 1:09-CV-1477
*for the use and benefit of*                 :
TESAR INDUSTRIAL                          :
CONTRACTORS, INC.,                       :

           Plaintiffs,                         :

vs.                                         :      ORDER & OPINION
                                       :      [Resolving Doc. No. 9]
TURNER CONSTRUCTION CO., ET AL., :

           Defendants.                    :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Defendants Turner Construction Company ("Turner"), et al., move this Court to dismiss the Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3), or, in the alternative, to stay proceedings pending arbitration between Defendant Glidepath LLC ("Glidepath") and Plaintiff Tesar Industrial Contractors, Inc. ("Tesar"), or, in the alternative, to transfer venue of this matter to the United States District Court, Northern District of Texas, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404(a). [Doc. 9.] Plaintiff Tesar opposes the motion. [Doc. 19.] For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' motion. The Court **DENIES** the Defendants' motion to dismiss or to transfer venue and **GRANTS** the Defendants' motion to stay.

I Background

       This case involves a contract for the construction of a baggage handling system at Cleveland Hopkins Airport ("the Project"). Plaintiff Tesar entered into a subcontract with Defendant Glidepath to supply labor and materials for the Project ("the Tesar-Glidepath subcontract"). [Doc. 1 at 3-4.]

Case No. 1:09-CV-1477
Gwin, J.

Defendant Glidepath was a direct subcontractor of Defendant Turner, the Prime Contractor for the Project. [*Id.* at 4.] Tesar alleges that Glidepath did not fully compensate Tesar for materials and labor provided under the subcontract and that Tesar performed additional approved work beyond the scope of the subcontract for which Glidepath has not compensated it. [*Id.*] In its Complaint, Tesar sues Glidepath for breach of contract and violation of the Prompt Payment Act. [*Id.* at 6-7.] The Plaintiff sues both Turner and Glidepath for unjust enrichment. [*Id.* at 7-8.] Tesar, through Plaintiff the United States of America, also brings a Miller Act claim for payment on a government construction bond against Defendants Travelers Casualty and Surety Company of America, Fidelity and Deposit Company of Maryland, Federal Insurance Company, and Zurich Insurance Company, who are sureties on the bond ("the Surety Defendants"). [*Id.* at 5-6.]

The Defendant filed a motion to dismiss the action under Rules 12(b)(6) and 12(b)(3); or, in the alternative, to stay the proceedings pending arbitration between Tesar and Glidepath; or, in the alternative, to transfer venue to the U.S. District Court for the Northern District of Texas pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §1404. [Doc. 9.] The Defendants base their motion to stay the case upon an arbitration clause contained in the Tesar-Glidepath subcontract. [Doc. 9-2 at 6-7.] Plaintiff Tesar opposes the motion to dismiss, transfer, or stay, and argues that this provision of the subcontract is invalid under Ohio Revised Code § 4112.63. [Doc. 19.] The Defendants reply that the Ohio law is inapplicable and, in the alternative, is preempted by the Federal Arbitration Act ("FAA"). [Doc. 22.]

The Plaintiff and the Defendants moved the Court for leave to file a sur-reply and a response to the sur-reply, respectively, which the Court granted. [Docs. 28, 33, 34, 35.] In its sur-reply, the Plaintiff argues that the FAA does not preempt the Ohio law because the relevant contractual

Case No. 1:09-CV-1477
Gwin, J.

provision is not an arbitration forum selection clause, but a litigation forum selection clause. [Doc. 36 at 2-5.] The Plaintiff also argues that transferring the action to the Northern District of Texas is inappropriate because, under the FAA, that court does not have jurisdiction to compel arbitration in this case. [*Id.* at 5-7.] In response, the Defendants argue that the Plaintiff's interpretation of the contract is implausible and the FAA does control. [Doc. 37 at 1-4.] The Defendants further argue that the issue of whether the Texas court can compel arbitration is irrelevant because, by transferring the action, this Court would be determining the issue of arbitrability. [*Id.* at 4-5.]

## II. Discussion

The Court will consider the Defendants' motion to dismiss or stay due to a binding arbitration clause under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. The Court will consider the Defendants' motion to dismiss or transfer for improper venue due to the forum selection clause under 28 U.S.C. § 1404(a).

*A. Motion to Dismiss or Stay Due to Binding Arbitration Provision*

Because this case concerns an agreement to arbitrate, the Federal Arbitration Act governs the case. 9 U.S.C. § 1, *et seq*. Agreements to arbitrate contractual disputes are generally enforceable under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. The Federal Arbitration Act embodies "the strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). The Act seeks to "ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter*, 470 U.S. at 219; *Ferro Corp. v. Garrison Indus., Inc.,* 142 F.3d 926, 932 (6th Cir. 1998). The Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter*, 470 U.S. at 218.

Case No. 1:09-CV-1477
Gwin, J.

In deciding whether to order arbitration, courts consider whether the dispute is arbitrable, "meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of the agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). The Court considers arbitration language in a contract in light of the strong federal policy in favor of arbitration. The Court resolves any doubts as to the parties' intentions in favor of arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004). Nevertheless, "arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration." *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005)

In deciding whether an issue is within the scope of an arbitration agreement, courts "ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir. 2003). Where there is more than one contract involved in the dispute and some of the contracts do not contain an arbitration clause, the Sixth Circuit first asks from which contract the dispute primarily arises. *Nestle Waters North America, Inc. v. Bollman,* 505 F.3d 498, 502 (6th Cir. 2007). If the dispute primarily arises out of a contract containing an arbitration clause, the dispute is arbitrable. *Id.* If it primarily arises out of a contract with no arbitration clause, the Court must still determine whether the action is nevertheless within the scope of the arbitration clause. *Id.*

In deciding whether to order arbitration, courts consider four principal issues: (1) whether the parties agreed to arbitrate the dispute; (2) the scope of the arbitration agreement; (3) if federal

-4-

Case No. 1:09-CV-1477
Gwin, J.

claims are asserted, whether Congress intended arbitration to govern the claims; and (4) if only some claims are arbitrable, whether to stay the proceedings pending arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

The Defendants argue that, because the Tesar-Glidepath subcontract contains a binding arbitration clause, this Court should dismiss the case, or, in the alternative, stay the proceedings pending arbitration between Tesar and Glidepath. Paragraph 16 of the Tesar-Glidepath subcontract provides in relevant part:[1]

> (c) In the event any controversy or dispute arises between Subcontractor and Contractor relating to this Subcontractor Agreement, notwithstanding any provision to the contrary herein, at the sole option of the Contractor, any such dispute shall be settled by binding arbitration at the location of the Project in accordance with the following procedure: . . . 2. The Claimant shall commence the arbitration by filing a summons and complaint in the United States District Court located nearest Dallas, Texas setting forth the claim(s) being asserted . . . .

[Doc. 9-2 at 7.] Tesar argues that the arbitration clause is void and unenforceable under Ohio law. Ohio Revised Code § 4113.62 provides:

> "Any provision of a construction contract . . . for an improvement, or portion thereof, to real estate in this state that requires any litigation, arbitration, or other dispute resolution process provided for in the construction contract, subcontract, agreement, or understanding to occur in another state is void and unenforceable as against public policy . . . ."

O.R.C. § 4113.62(D)(2). Tesar argues that because the arbitration clause provides that a claimant

---

[1] Although a court presented with a Rule 12(b)(6) motion generally confines its review to matters contained in the Complaint, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)(citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

Case No. 1:09-CV-1477
Gwin, J.

must file any action in Texas, it is void under the Ohio law. The Defendants argue that the Ohio law is inapplicable because the subcontract provides that the arbitration would occur in Ohio. They further argue that, even if the Ohio law is applicable, it is preempted by the FAA to the extent that the Ohio law invalidates any portion of the arbitration clause.

The subcontract actually contains two forum selection clauses. The first provides that the arbitration will occur at the "location of the Project," which is in the Northern District of Ohio (hereinafter referred to as the "forum selection clause"). The second provides that arbitration will be initiated by one party's "filing a summons and complaint in the United States District Court located Nearest Dallas, Texas," which is in the Northern District of Texas (hereinafter referred to as the "venue selection clause"). The parties do not dispute that, under the terms of the Tesar-Glidepath subcontract, arbitration is to occur in the Northern District of Ohio. The cases cited by both the Plaintiff and the Defendants, which consider the enforceability of forum selection clauses in which the parties agreed to *arbitrate* in a particular forum, are therefore inapposite. The enforceability of the forum selection clause selecting the Northern District of Ohio as the arbitration location is not at issue.

The Court holds that the Ohio law does not void the arbitration clause in the Tesar-Glidepath subcontract because the clause provides that arbitration will occur in Ohio.[2] The Court finds that a binding arbitration agreement exists between Plaintiff Tesar and Defendant Glidepath.

---

[2] The Court notes that the Ohio law may be applicable to the venue selection provision. However, the Court finds that even if the venue selection clause is unenforceable, it could be stricken, leaving the arbitration clause otherwise valid and enforceable. *See Wholesale Tape & Supply Co. v. Icode, Inc.*, 2005 WL 3535148, at *6 (E.D. Tenn. Dec. 22, 2005)(holding that if similar Tennessee law applied to contract, "it would void solely the venue provision, not the arbitration clause in its entirety"). The Court will consider the enforceability of the venue selection clause *infra* in its discussion of the Defendants' motion to dismiss or transfer for improper venue.

Case No. 1:09-CV-1477
Gwin, J.

The Court must next consider whether the Plaintiff's claims are arbitrable under the terms of the arbitration agreement. The Sixth Circuit has held that "[a] proper method of analysis [in this situation] is to ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir. 2003). Plaintiff Tesar's claims for breach of contract, unjust enrichment, and violation of the Prompt Payment Act against Defendant Glidepath could not be maintained without reference to the Tesar-Glidepath subcontract and Tesar's subcontractor relationship with Glidepath. Thus, Tesar's claims against Glidepath are within the scope of the arbitration agreement.

The Defendants argue that the proper remedy is to dismiss all of the Plaintiff's claims due to the binding arbitration clause. In the alternative, the Defendants request the Court stay all proceedings pending arbitration between Glidepath and Tesar. Under the FAA, the Court "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Court finds that a stay of proceedings is appropriate to avoid any potential prejudice to Plaintiff Tesar on its Miller Act claim. *See United States for the Use and Benefit of Skip Kirchdorfer, Inc. v. M.J. Kelley Corp.*, 995 F.2d 656 (6th Cir. 1993)(district court stayed proceedings on Miller Act claim pending arbitration); *United States, for and on behalf of Portland Construction Company v. Weiss Pollution Control Corp.*, 532 F.2d 1009 (5th Cir. 1976)(reversing district court's dismissal, holding that binding arbitration agreement does not constitute waiver of Miller Act Claim, and finding that proper procedure is to stay suit pending arbitration). Because Tesar's claims against Turner and the

Case No. 1:09-CV-1477
Gwin, J.

Surety Defendants also arise out of Tesar's subcontractor relationship with Glidepath, the Court finds that these claims should also be stayed pending arbitration between Tesar and Glidepath. *See Arthur Anderson LLP v. Carlisle*, 129 S.Ct. 1896, 1901-02 (2009) (upon application of any party, a court should stay entire action if it involves an issue that is referable to arbitration under an agreement in writing).

The Court therefore grants the Defendants' motion to stay the proceedings pending arbitration between Tesar and Glidepath and denies the Defendants' motion to dismiss due to the arbitration clause.

*B. Motion to Dismiss or Transfer for Improper Venue*

The Defendants also move the Court to dismiss the complaint under Rule 12(b)(3), or, in the alternative, to transfer the case to the Northern District of Texas under 28 U.S.C. § 1404(a), arguing that this Court is an improper venue due to the venue selection clause within the subcontract's arbitration clause. The Sixth Circuit has held that when a plaintiff files a case in a district court that is a proper venue under a federal venue statute, a court cannot enforce a forum selection clause by granting a Rule 12(b)(3) motion to dismiss. *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 536 (6th Cir. 2002); *see also Sylvester Material, Inc. v. John Carlo, Inc.*, 2005 WL 1176054, at *3 (N.D. Ohio May 17, 2005)("If a case is filed in a venue prescribed by 28 U.S.C. § 1391, a forum selection clause will not serve as the basis for granting a motion to dismiss for improper venue."). Because venue is proper in this Court under both 28 U.S.C. § 1391(b)(2) and 40 U.S.C. § 3133(C), the Court denies the Defendants' motion to dismiss for improper venue under 12(b)(3).

In *Kerobo*, the Sixth Circuit held that in such a situation, a court should instead consider the enforceability of a forum selection clause under 28 U.S.C. § 1404(a). *Kerobo*, 285 F.3d at 536. The

Case No. 1:09-CV-1477
Gwin, J.

Sixth Circuit's holding relied on *Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22 (1988), in which the Supreme Court provided explicit direction to consider a forum selection clause under § 1404(a). *Id.* at 32.

Section 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision whether to transfer a case under Section 1404 is within the district court's discretion. *Kerobo*, 285 F.2d at 537 (citing *Stewart*, 487 U.S. at 29). Rather than look to the well-pleaded complaint, courts examine other evidence of convenience, public interest, and even the ends of justice. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)

In considering a motion to transfer venue based on § 1404(a), the Court must "weigh a number of case-specific factors such as the convenience of the parties and witnesses, public-interest factors of systemic integrity, and private concerns falling under the heading 'the interest of justice." *Kerobo*, 285 F3d at 537 (citing *Stewart*, 487 U.S. at 31). If applicable, the forum selection clause "should receive neither dispositive consideration . . . nor no consideration . . . ." *Kerobo*, 285 F.3d at 537-38. Moreover, "if venue is proper, a plaintiff's choice of forum is given substantial weight," unless convenience and the interests of justice "strongly favor transfer." 14D Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3801.

The Court will first consider the convenience of the parties and the witnesses. Plaintiff Tesar is an Ohio corporation with its principal place of business in Cleveland, Ohio. Defendant Glidepath is a Delaware limited liability company with its principal place of business in Grand Prairie, Texas. The remaining defendants are corporations with their principal places of business in New York, New Jersey, Connecticut, Maryland, and Illinois. The overall convenience of the parties would not be

Case No. 1:09-CV-1477
Gwin, J.

furthered by transferring the case to the Northern District of Texas. Moreover, the dispute concerns work Tesar performed in Cleveland, Ohio. Non-party witnesses and any documentary evidence are likely to be in Ohio. Thus, the convenience of the witnesses also does not favor transferring the matter to Texas.

The Court next considers the public interest and the interests of justice. Among the public interest factors the court should consider are concern for judicial economy, the court's familiarity with the governing law, the interest in resolving controversies locally, and the relative congestion of the courts. 15 Federal Practice and Procedure § 3847. The parties agree that under the subcontract, arbitration is to occur in the Northern District of Ohio. Transferring the case to the Northern District of Texas to initiate arbitration proceedings in this district would be a waste of judicial resources and against the purposes of § 1404. Importantly, under the FAA, only a Northern District of Ohio court can compel arbitration within this district. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1018 (6th Cir. 2003)(citing 9 U.S.C. § 4). Moreover, Tesar's state law claims are governed by Ohio law.[3/] Considerations of public interest and judicial economy favor keeping the case in the Northern District of Ohio.

Finally, the Court will consider the venue selection clause. While a valid forum selection clause should be considered under the § 1404 balancing test, *Kerobo*, 185 F.3d at 537-38, courts give little if any weight to a forum selection clause whose applicability is disputed. *Sylvester Material*, 2005 WL 1176054, at *4. Because the parties dispute the validity of the venue selection clause, the Court will give it little weight in its balancing under § 1404.

---

[3/] While the Tesar-Glidepath subcontract says that it is governed by Texas law [Doc. 9-2 at 9], under O.R.C. § 4113.62, any choice of law provision in a construction contract for work in Ohio that says the agreement is subject to the laws of another state is void and unenforceable. O.R.C. § 4113.62(D)(2).

Case No. 1:09-CV-1477
Gwin, J.

Considering all the relevant factors, the Court finds that transferring this case to the Northern District of Texas under 28 U.S.C. § 1404 is not warranted. The Defendants' motion to transfer venue is therefore denied.

III. Conclusion

For the foregoing reasons, this Court **DENIES** the Defendants' motion to dismiss or to transfer. [Doc. 9.] The Court **GRANTS** the Defendants' motion to stay the case pending arbitration between Tesar and Glidepath. [Doc. 9.]

IT IS SO ORDERED.


Dated: October 29, 2009                    s/         *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE